O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALVAN,<br><br>　　　　　　Plaintiff,<br>　　　v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 13-711-OP<br><br>MEMORANDUM OPINION AND<br>ORDER |

　　The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

　　[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 7, 9.)

　　[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's credibility; and

(2) Whether the ALJ properly assessed Plaintiff's ability to perform other work in the national economy given Plaintiff's limitation to less-than-sedentary work.

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

# III.
# DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, status post 3 level fusion; history of incisional hernia repair; and obesity.  (Administrative Record ("AR") at 11.)  The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work except that he can lift/carry ten pounds occasionally and less than ten pounds frequently; occasionally can bend, stoop, crouch, and kneel; no crawling; no unprotected heights; no balancing; no ladders, ropes or scaffolds; occasional operation of foot pedals with either foot; avoid concentrated exposure to concentrated vibration; can stand/walk two hours in an eight-hour workday up to thirty minutes at a time; can sit six hours in an eight-hour workday, up to one hour at a time; must be able to stand/stretch one to two minutes each hour; and can occasionally work around moving machinery.  (Id. at 12.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that given Plaintiff's age, education, work experience, and RFC, he is capable of doing the requirements of occupations such as Table Worker (Dictionary of Occupational Titles ("DOT") No. 739.687-182), Addresser (DOT No. 209.587-010); and Lens Inserter (DOT No. 713.687-026).  (AR at 15.)

**B.    The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff contends that his testimony establishes greater limitations than the RFC determined by the ALJ.  (JS at 14.)  Plaintiff states that he can sit only for ten to twenty minutes at a time; after about twenty minutes he has to get up and stand around; he can walk fifteen minutes at a time; if he is standing in one spot he can do that for about ten minutes but then needs to lean on a wall; he lays down for thirty to sixty minutes in a day; he takes breaks regularly, and "for a while," not

just for a minute or two; it takes him thirty to sixty minutes to do dishes or laundry; and the longer he is on his feet, the more pain he feels in his lower back, so he takes a break and sits for a while. (Id. (citing AR at 34, 36, 197).)

Plaintiff asserts that the ALJ improperly rejected Plaintiff's subjective complaints of impairment. (Id. at 3-14.) Citing the ALJ's "standard" language regarding credibility,[3] Plaintiff complains that this credibility finding and the reasoning for it are perfunctory and legally insufficient. (Id. at 6.) Specifically, he alleges that all the ALJ did "was to summarize the medical evidence," and that doing that does not constitute "the giving of reasons" for discounting credibility. (Id. at 7.) Plaintiff notes that the ALJ merely referred to Plaintiff's activities of daily living as part of the summary of his testimony and not as a given reason for rejecting that testimony. (Id. at 10.) Plaintiff contends that even if this constituted a reason, the activities referenced by Plaintiff are not transferable to a work setting, the ALJ ignored the context in which Plaintiff's remarks were made, and Plaintiff had "slowed down" over the year since he applied for benefits. (Id. at 11-12.) He argues that the ALJ's comment on the fact that Plaintiff rarely uses pain medication, in favor of non-medication modalities, and the fact that there were no "positive findings" relating to his back, also constitute summaries and are not a reason for rejecting Plaintiff's credibility. (Id. at 10.) Finally, he states that pain medication is only one part of the total picture and cannot alone be a factor for rejecting everything Plaintiff has to say. (Id. at 13.)

An ALJ's assessment of pain severity and claimant credibility is entitled to

---

[3] "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR at 13.)

"great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective

symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ properly found that the claimant's "tendency to exaggerate" was a factor supporting his determination that she was not credible).

After reviewing the record, the Court finds that the ALJ provided legally valid reasons for discounting Plaintiff's subjective complaints.

First, the ALJ noted that Plaintiff was laid off from work in 2006, three to four years prior to the hearing, and, therefore, did not stop working because of his alleged impairments. (AR at 12; see also id. at 24.) This is a legitimate reason for discounting credibility. See Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) ("Courts have found it relevant to credibility when a claimant leaves work for reasons other than her medical condition"); Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (upholding ALJ's credibility determination that took into account plaintiff's statement that he left his job because he was laid off, not because he was injured).

The ALJ also noted that Plaintiff had two prior surgeries on his back, the most recent in 2000, after which he was able to perform substantial gainful activity until he was laid off in 2006. (AR at 13; see also id. at 180, 240, 343, 351.) This

also is a legitimate reason for discounting credibility. Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (ALJ properly considered the fact that the claimant was able to return to work after his injury).

Next, as observed by the ALJ, in March 2012 Plaintiff told his treating physician that he rarely uses pain medication, preferring other non-medication modalities to deal with his pain. (AR at 13 (citing id. at 519).) This, too, is a legitimate reason for discounting Plaintiff's allegations of disabling pain. Soc. Sec. Ruling 96-7p (an individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of his complaints).

The ALJ also discounted Plaintiff's credibility based on the fact that the objective medical evidence did not support his allegations. Although a lack of objective medical evidence may not be the sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be considered. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ noted that the consultative examiner and the state agency doctors all found Plaintiff less limited than the RFC, and the medical expert found the RFC to be consistent with Plaintiff's limitations. (AR at 13-14.)

The ALJ also noted that there were no positive findings in the medical records with respect to Plaintiff's back and the record supports that finding. For example, in April 2010, Plaintiff complained of back pain that did not radiate to his legs, he had full (albeit painful) range of motion, and he complained of some tenderness to palpation. (Id. at 13, 458.) An x-ray showed "no significant abnormality" in the thoracic spine and mild to moderate abnormalities in the lumbar spine. (Id. at 13, 459-60.) A prior spinal fusion was deemed to be "solid." (Id. at 460.)

In March 2011 the consultative orthopedic examiner, Dr. Sophon, observed that Plaintiff sat comfortably and with normal posture, had normal gait, walked on

7

toes and heels without difficulty, and did not use an assistive device. (Id. at 13, 510.) There was no evidence of tenderness or muscle spasm in the back, and a straight leg raising test was negative. (Id. at 14, 510.) Dr. Sophon also observed that flexion was 60/90 degrees, extension was 20/30 degrees, and lateral bending was 20/30 degrees bilaterally. (Id.) Dr. Sophon opined that Plaintiff could perform medium work, an opinion discounted by the ALJ who assessed greater limitations in light of the fact that Dr. Sophon had not had an opportunity to consider all of Plaintiff's treatment records or his testimony, and did not "appear to have considered the effects of the claimant's surgeries, obesity and hernia on his ability to work." (Id. at 14.)

Finally, the Court agrees with Plaintiff that the ALJ gave no reasons arising from Plaintiff's activities of daily living in discounting Plaintiff's credibility. (JS at 10; AR at 12.) The ALJ merely reiterated Plaintiff's testimony and information from Plaintiff's exhibits, and did not note any inconsistencies in that testimony. (AR at 12.) The ALJ concluded that Plaintiff's testimony and statements in the exhibits regarding his limitations "are only credible to the extent he is able to perform the residual functional capacity herein." (Id.) Thus, there is no need for this Court to consider this issue.

Ultimately, the fact that Plaintiff did not stop work because of his impairments, continued to work until he was laid off, his conservative treatment, and the lack of objective medical evidence supporting his alleged impairments, amount to clear and convincing reasons for rejecting Plaintiff's credibility.

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

**C.     The ALJ Properly Assessed Plaintiff's Ability to Perform Other Work**

**in the National Economy.**

Plaintiff contends that the ALJ's RFC assessment to less-than-sedentary work is inconsistent with the VE's testimony that Plaintiff can perform the sedentary positions of Table Worker, Addresser, and Lens Inserter, because each of those positions is considered sedentary work and the DOT does not provide a "limitation to sedentary comparable to the additional limitations assessed . . . by the RFC." (JS at 22.) As a result, Plaintiff contends the VE's testimony is inconsistent with the DOT, and the VE failed to explain how Plaintiff could perform those jobs despite the RFC limitation to less-than-sedentary work, nor did the VE erode the occupational base to account for the subset of jobs that might be performed at Plaintiff's RFC level. (Id.)

Defendant contends that the three positions do not conflict with the DOT descriptions of the work as it is performed, and Plaintiff's RFC, therefore, falls within the DOT descriptions of those positions. (Id. at 24-27.) The Court agrees.

In his hypothetical to the VE, the ALJ included the following limitations: able to lift and carry up to ten pounds occasionally, less than ten pounds frequently; occasionally bend, stoop, crouch, and kneel; no crawling; no unprotected heights; no balancing; no ladders, scaffolds or ropes; could occasionally operate foot pedals with either foot but should avoid exposure to concentrated vibration; can stand and/or walk up to two hours in an eight-hour day, not more than thirty minutes at a time; could sit up to six hours in an eight-hour day, not more than one hour at a time, and after one hour, should be allowed to stand or stretch for a minute or two and then either stand longer or resume sitting; and occasionally work around moving machinery. (AR at 42.) These are the same limitations he ultimately included in Plaintiff's RFC. (Id. at 12.)

A review of the DOT descriptions for the three positions shows that none of them require any climbing, balancing, stooping, kneeling, crouching, or crawling.

DOT Nos. 739.687-182, 209.587-010, 713.687-026 (indicating that these activities are "Not Present - Activity or condition does not exist"). Similarly, each of the three requires only "markedly low" eye-hand-foot coordination; none require work around moving machinery, vibration, or heights; standing and walking are required only for "brief periods of time"; and each provides for a normal break schedule. DOT Nos. 739.687-182, 209.587-010, 713.687-026. Furthermore, the ALJ specifically explored with the VE the effect on the jobs base if Plaintiff required a longer five-minute break. (AR at 43.) In that case, the VE testified that Plaintiff would not be able to perform these same three jobs. (Id.) The ALJ also specifically asked the VE if her testimony was consistent with the DOT and the VE identified no inconsistencies. Nor did Plaintiff's counsel have any questions for the VE. (Id.)

Based on the foregoing, the Court finds that the VE's testimony that Plaintiff could perform the table worker, Addresser, and Lens Inserter jobs did not conflict with the DOT, and, therefore, the ALJ did not err in relying on that testimony.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: January 9, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge